FILED IN
1st COURT OF APPEALS
HOUSTON, TX
February 3, 2015
CHRISTOPHER A. PRINE,
CLERK

CAUSE NUMBER 1881137

APPELLATE NUMBER 01-13-01048-CR

| | | |
|---|---|---|
| LUIS SANCHEZ ACOSTA | § | IN THE COUNTY CRIMINAL |
| V | § | COURT AT LAW NUMBER 8 |
| THE STATE OF TEXAS | § | OF HARRIS COUNTY, TEXAS |

## Findings of Fact and Conclusions of Law

Having considered the evidence and argument of counsel for the parties the Court adopts the following findings of fact from the *STATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW* filed with the Court of Appeals on November 12, 2014.[1]

1. The Court finds that on April 15, 2014 the First Court of Appeals issued abatement orders in **Luis Sanchez Acosta v. The State of Texas (1881137, 01-13-01048-CR)**, *Victor Charles Bankett v. The State of Texas* (1866497, 01-13-00896-CR), *Rudy Matamoros Jr. v. The State of Texas* (1863073, 01-13-00633-CR), and *Israel Castillo v. The State of Texas* (1863072, 01-13-00632-CR) because no reporter's record had been filed in any of these cases (Appendix Items 4-6. Abatement Orders of the Fourteenth Court of Appeals dated April 15, 2014; Abatement Hearing R.R.XIV 13; R.R.XIV

---

[1] The State's proposed findings often refer to several of the cases in paragraphs 1 and 2, above. In adopting the proposed findings, the undersigned identifies the appellant in the above entitled and number cause using bold type face.

1

2. The Court finds that on April 15, 2014, the First Court of Appeals ordered the judge of County Criminal Court at Law No. 8 in *Acosta,* **Bankett***, Matamoros, and Castillo* cases to conduct a hearing in which Sondra Humphrey, the State, and appellant's counsel, "shall participate (a) to determine the reason for the failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make finding as to whether Sondra Humphrey should be held in contempt of court for failing to file the reporter's record timely as ordered (Appendix items 4-6. Abatement Orders from the Fourteenth Court of Appeals date April 15, 2014; R.R.XIV 32-33).

3. 33).

4. The Court finds that on May 2, 2014, Ms. Humphrey stated that the record in **Luis Sanchez Acosta v. State of Texas**, 01-13-01048-CR, would be completed and filed by May 14, 2014 (R.R.II 5; R.R.XIV 16).

5. The Court finds that on June 11, 2014, a hearing was held in front of Judge Sherman Ross regarding Ms. Humphrey's progress on the records in *Washington, Bryant, Bankett, Perez,* **Acosta***, Castillo, Matamoros,* and *Markle* (R.R.XIV 19; R.R.VI 4).

6. The Court finds that on June 11, 2014, the records in *Washington, Bryant, Matamoros, Castillo, Perez, and* **Acosta** were not completed (R.R.VI 8).

7. The Court finds that on June 11, 2014, Ms. Humphrey stated that she felt like

2

she could complete the records in all above mentioned cases (R.R.VI 12).

8. The Court finds that on June 11, 2014, Judge Ross determined that between the last hearing on May 9, 2014 and June 11, 2014, Ms. Humphrey had made "very little progress" and that a court reporter would be assigned to assist Ms. Humphrey if need be (R.R.VI 13; R.R.XIV 19).

9. The Court finds that on June 11, 2014, Ms. Humphrey "[invited]" Judge Ross to take her into custody for her failure to file the reporter's records (R.R.VI 17-18).

10. The Court finds that on June 11, 2014, Judge Ross ordered another hearing to be held on June 19, 2014 to check on Ms. Humphrey's progress, in which all parties, including Ms. Humphrey were ordered to attend (R.R.VI 15; R.R.XIV 19).

11. The Court finds that a hearing was held in front of Judge Ross on June 19, 2014, in which Ms. Humphrey chose not to attend (R.R.VII 5).

12. The Court finds that on June 19, 2014, no records in any of the above titled cause numbers had been completed and filed (R.R.VII 5).

13. The Court finds that on June 27, 2014, Ms. Humphrey violated the order of Judge Ross by not turning over the audio files in all the above styled cause numbers (R.R.X 7, 9-10; R.R.XIV 22, 35).

14. The Court finds that on June 19, 2014, Judge Ross ordered a hearing be held on June 24, 2014, to determine whether Ms. Humphrey had complied with

3

his order to turn over all raw materials and audio recordings in all the above styled cause numbers (R.R.VII 11; R.R.XIV 19).

15. The Court finds that on June 23, 2014, Ms. Humphrey failed to comply with the order of Judge Ross to turn over all raw materials and audio recordings in all above styled cause numbers (R.R.XIV 20, 34).

16. The Court finds that on June 24, 2014, Ms. Humphrey failed to comply with the order of Judge Ross that she appear at a hearing on June 24, 2014 (R.R.VIII 1-6; R.R.XIV 20, 34).

17. The Court finds that on June 24, 2014, a second hearing was to be held in which Ms. Humphrey would attend and testify to the status of multiple records, but this hearing never took place, nor did Ms. Humphrey ever appear in the courtroom for this hearing, but she claimed to be present in the building printing out unedited versions of the reporter's records in *Beal, Markle, Perez, Bryant, Acosta, Castillo, Bankett, and Matamoros* (R.R.VII 5, R.R.XIV 20, 35).

18. The Court finds that a hearing was held on June 25, 2014, in which Ms. Humphrey failed to appear (R.R.IX 4).

19. The Court finds that on June 25, 2014, Ms. Humphrey, through her counsel Lott Brooks, claimed that she could not attend the hearing on June 25 2014, hearing because she was attending a guardianship proceeding for her sister

4

(R.R.IX 4; R.R. XIV 21-22).

20. The Court finds that on June 25, 2014, Ms. Humphrey was ordered, through her counsel Lott Brooks, to turn over the audio in all above styled cause numbers (R.R.IX 5; R.R.XIV 20).

21. The Court finds that on June 25, 2014, Judge Ross ordered Ms. Humphrey, through her counsel Lott Brooks, to appear in front of Judge Ross for a hearing on June 27, 2014 (R.R.IX 5-6; R.R.XIV 20-21).

22. The Court finds that on June 25, 2014, the State requested an additional court reporter be appointed to assist and, if needed, take over for Ms. Humphrey the completion and filing of all reporter's records in all above style cause numbers (R.R.IX 7; R.R.XIV 21).

23. The Court finds that on June 25, 2014, Judge Ross granted the State's request to appoint an additional court reporter to assist, and if need be, take over for Ms. Humphrey in the completion and filing of all reporter's records in all the above styled cause numbers (R.R.IX 7; R.R.XIV 21).

24. The Court finds that on June 27, 2014, Ms. Humphrey violated the order of Judge Ross by not turning over the audio files in all the above styled cause numbers (R.R.X 7, 9-10; R.R.XIV 22, 35).

25. The Court finds that Ms. Humphrey, despite being ordered to participate in abatement hearings, invoked her Fifth Amendment privilege against self-

incrimination in the hearing on June 27, 2014 (R.RX 10-11; R.R.XI 7-8; R.R.XIV 22).

26. The Court finds that on June 30, 2014, Ms. Humphrey turned over what was purported to be the audio files of all the above styled cause numbers (R.R.XI 7; R.R.XIV 22).

27. The Court finds that on July 7, 2014, it was determined that the audio in *Acosta* was missing closing arguments, the verdict, and the punishment phase of trial (R.R.XII 5).

28. The Court finds that on July 7, 2014, Judge Ross granted the State's motion for a show cause hearing in the *Castillo, Matamoros, Acosta, Bankett,* and *Bryant* cases (R.R.XII 7).

29. The Court finds that on July 14, 2014, it was determined that Ms. Humphrey had been previously ordered to turn over all her short hand notes in all the above styled cause numbers, but violated the order of the Court in failing to turn over these notes (R.R.XIV 56).

30. The Court finds that on July 14, 2014, Ms. Humphrey claimed that her medical condition and obligations as a single mother were the reasons she had failed to file timely reporter's records (R.R.XIV 65).

31. The Court finds that on July 14, 2014, Ms. Humphrey testified that during the period of these hearings, she continued to work as a court reporter

whenever she would get a call (R.R.XIV 66-67).

32. The Court finds that on July 14, 2014, it was determined that Ms. Humphrey violated the order of this Court by working on cases other than the above styled abated cause numbers in violation of the Court's Order that she work on no other matters until the reporter's records in the above styled cause numbers were completed and filed (R.R.II 14; R.R.XIV 66-67; *See also* Appendix Item 14 spreadsheet of payouts to Ms. Humphrey from the Harris County Auditor's Office).

33. The Court finds that on July 14, 2014, Ms. Humphrey claimed that she was unable to fulfill any of the representations she made to the Court since April of 2014 because she "felt very, very pressured by the district attorney's office" and the district attorney's office was to blame because "[t]hey offered [Ms. Humphrey]…no appropriate resolution" (R.R.XIV 71-72).

34. The Court finds that on July 14, 2014, Ms. Humphrey claimed that she would be able to file complete and accurate records in all the above styled cause numbers (R.R.XIV 107).

35. The Court finds that on August 15, 2014, Judge Ross sentenced Ms. Humphrey to 30 days in the Harris County Jail and a fine of $500 (*See* Show Cause Hearing Supp. 5-6; *See also* Appendix Item 15 Judgment of Contempt).

36. The Court finds that Ms. Humphrey has continued to work as a court reporter in Harris County during the abatement of the above styled cause numbers (*See* Appendix Item 14).

37. The Court finds that on July 14, 2014, it was determined that the audio in the *Acosta* case that was turned over was incomplete in violation of the order of the Court (R.R.XIV 29-31).

38. The Court finds that on July 14, 2014, Ms. Humphrey stated that she would be able to complete and file the reporter's records in *Bankett, Perez, Acosta*, and *Markle* in the next three weeks (R.R.XIV 73).

39. The Court finds that on July 14, 2014, counsel for **Acosta**, Nicholas Hughes, again objected to the delay in completing and filing the Acosta record and the prejudice his client was suffering because of the delay (R.R.XIV 114-115).

**Supplemental Findings of Fact**

1. All hearings were conducted by Judge Sherman A. Ross, then Presiding Judge of the Harris County Criminal Courts at Law.

2. The undersigned took judicial notice of the clerk's records of this court, and of the First Court of Appeals and Fourteenth Court of Appeals.

3. The Court's official court reporter, Sondra Humphrey, reported or presumably reported the proceedings in this case by computerized

stenotype machine.

4. Ms. Humphrey provided this court with her computerized stenographic notes that were incomplete.

5. Ms. Humphrey provided this court with her audio recording of the proceedings that was incomplete.

6. At the request of the parties, the undersigned judge directed Brenna DeMoss, official court reporter for County Criminal Court at Law No. 11, of Harris County, Texas, to review the audio files, and stenographic notes submitted to the Court by Ms. Humphrey.

7. Ms. DeMoss could not reconstruct a complete reporter's record based upon the audio and stenographic notes submitted to the Court by Ms. Humphrey.

8. Ms. Humphrey's medical condition, personal, and professional problems during the latter part of 2013, and early 2014, up to and including the contempt hearings before the First Court of Appeals and Fourteenth Court of Appeals, indicate she may not have been in a condition to transcribe the proceedings, or otherwise conduct herself in a professional manner. (R.R.II 7-13), (R.R.III 5), (R.R.VI 12), (R.R.VI 16-17), (R.R.XIV 83-84).

9. Sentence was imposed on November 12, 2013.

10. The appellant timely filed notice of appeal.

11. This case did not involve a waiver of a court reporter, nor was it a mere formality or summary proceeding.

12. The appellant bears no fault for Ms. Humphrey's failure to complete and file the reporter's record.

13. The reporter's record is necessary to the appeal's resolution.

14. The reporter's record cannot be replaced by agreement of the parties to the facts contained in the record, if a complete and legible record exists.

15. The exhibits or copies of the exhibits are available.

16. Based upon Ms. Humphrey's representations to this court regarding the status of the reporter's record, and her failure to either file the completed record or provide the court with stenographic notes capable of being transcribed by another official court reporter using the same software system resulting in a complete record this Court does not find Ms. Humphrey to be credible.

17. The undersigned finds Ms. Humphrey failed to file the record because she had neither a complete stenographic record, nor a complete audio recording of the proceedings in the trial court; or she willfully refused and continues to refuse to fully and accurately transcribe her notes.

18. This Court does not believe a complete record will ever be filed by Ms. Humphrey or another court reporter.

19. Based upon the findings herein, this Court reluctantly finds the Court of Appeals should hold Ms. Humphrey in contempt.[2]

**Conclusions of Law**

1. Sondra Humphrey violated her oath to keep a correct, impartial record of (1) the evidence offered in the case; (2) the objections and exceptions made by the parties to the case; and (3) the rulings and remarks made by the court in determining the admissibility of testimony presented in the case. Tex. Gov't Code Ann. § 52.045(b) (West Supp. 2014).

2. The appellant is entitled to a new trial. Tex. R. App. P. 34.6(f).

Signed March 3, 2015.

SHERMAN A. ROSS, Judge Presiding[3]

---

[2] This is only the third time in a 34 year career that this judge has found an individual engaged in contemptuous conduct.

[3] Tex. Gov't Code Ann. §§ 74.056(a), and 74.121 (West Supp. 2014)

11